STONER, et al.
v.
BELLOWS, et al.
No. 10,560

STONER, et al.
v.
BELLOWS, et al.
No. 10,561
United States Court of Appeals
Third Circuit
Argued February 11, 1952
Decided May 21, 1952
Rehearing denied June 20, 1952█

*See, also, 196 F.2d 918*

GEORGE H. T. DUDLEY, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellants*

WARREN H. YOUNG, Christiansted, St. Croix, Virgin Islands, *for appellees*

Before MARIS, MAGRUDER, and STALEY, *Circuit Judges*

STALEY, *Circuit Judge*

Prior to November 16, 1950, defendant corporation, Downing and Bellows Company, Ltd., conducted a wholesale and retail liquor business in Charlotte Amalie, St. Thomas, Virgin Islands. On the above date, defendant corporation sold its retail business to plaintiff Frank Stoner in accordance with a written contract entered into between the parties. The two actions which are the subject of these appeals both arise out of this sale.

The contract of sale with which we are concerned consists of an offer dated September 6, 1950, made by Frank Stoner to Charles Bellows as president of defendant corporation, together with a counter-offer by the latter, dated November 14, 1950, accepting Stoner's proposal with a few modifications. Stoner in turn accepted the counter-offer on November 16 by returning it with his signature affixed.

The pertinent portions of the contract are as follows:

"1. Mr. Stoner to form a Corporation or partnership to purchase for cash certain assets of the retail business of Downing & Bellows Co., Ltd., as follows:

"(a) All liquors, wines, gourmet items, food products, tourist items, etc., carried in the retail department of Downing & Bellows; this inventory to be purchased at Downing & Bellows' cost or wholesale price; . . .

"4. As part of the purchase price for this established retail business Mr. Stoner agrees to pay Downing & Bellows Co. Ltd., 4% of the gross annual sales up to $50,000.00; 3½% on sales from $50,000.00 to $60,000.00; 3% on sales from $60,000.00 to $70,000.00 and 2½% on all sales above $70,000.00 for a period of 5 years; after that time 2½% as long as the name 'Bellows' is used; . . .

"5. Downing and Bellows Co. Ltd. at all times to give Mr. Stoner their lowest possible wholesale prices and to assist in every way the development of the retail business;

"6. Downing and Bellows Co. Ltd. will not at any time enter into the retail business in competition with Mr. Stoner or his

586

partnership or corporation unless agreed to in writing by Mr. Stoner; Mr. Stoner, his partnership or corporation will not enter into the wholesale business in the Virgin Islands, unless agreed to in writing by Downing & Bellows Company, Ltd."

The first action (herein called contract action) is brought by plaintiffs Frank Stoner and Irene Stoner[1] against Charles Bellows, and Downing and Bellows Company, Ltd.; plaintiffs seek damages for breach of contract and an injunction restraining defendants from competing in the retail liquor business in the Virgin Islands (appeal at No. 10,560). Plaintiffs contended below that defendants violated paragraph 1(a) of the contract by overcharging them for the inventory. Defendants were also charged with entering into retail competition with plaintiffs. Finally, it was alleged that defendant Charles Bellows had objected to the use of his name by plaintiffs as a part of their trade name. Defendants counterclaimed, demanding, *inter alia*, an injunction against the use by plaintiffs of the name Bellows except as a part of a corporate name.

The second action (herein called tort action) is brought by Frank Stoner against Charles Bellows and Doris Bellows and is based on fraudulent misrepresentation (appeal at No. 10,561). The trial court reserved decision on defendants' motion to dismiss the complaint in this action until a hearing on the merits. Both actions were then tried together to the court without a jury, although the record does not reveal that a formal order of consolidation was entered. After trial, the court granted defendants' motion to dismiss the complaint in the tort action. In the contract action the court rendered findings of fact and conclusions of law. The judgment entered in that action enjoined plaintiffs from competing with defendants in the wholesale liquor business in the Virgin Islands and likewise enjoined

[1]The action was commenced by Frank Stoner individually. On motion of defendants, Irene Stoner, wife and partner of Frank Stoner, was joined as an involuntary plaintiff.

defendant corporation from competing at retail in the Virgin Islands. Plaintiffs were enjoined from doing business under the name Stoner and Bellows "unless such business is organized as a corporation or limited partnership and the name clearly shows such form of organization, or unless the name is so styled or used in any other manner or form that will guarantee no liability in the use thereof on the part of either Charles Bellows or Downing and Bellows Company, Ltd."

Contract Action (No. 10,560)

Since the sale was consummated, plaintiffs have been conducting their business as partners under the trade name of Stoner and Bellows. Defendant Charles Bellows has protested against the use of his name in that form, contending that he might thereby be subjected to partnership liability by estoppel. Plaintiffs, however, have resisted Bellows' requests that they protect him by forming a corporation or a limited partnership with Bellows as a limited partner, plaintiffs contending that they have the unqualified right to use the name Bellows.

■-■ Plaintiffs' right to use the name Bellows is not clearly set forth in the contract.[2] All parties agree, however, that plaintiffs have a right to use the name; the only conflict is over the extent of such use. The cardinal rule of contract interpretation is, of course, that the court must, if possible, give effect to the intention of the parties. In a case such as this where the contract is ambiguous, resort must be had to all the facts and circumstances leading up to and attending the execution of the contract. See 17 C.J.S., Contracts, § 321. The most logical inference from the record is that all parties were thinking in terms of plaintiffs' form-

[2]It may be noted that the contract purports to be one entered into between Frank Stoner and Downing and Bellows Company, Ltd. Charles Bellows' signature appears only as president of the corporation. Yet it is clear that Charles Bellows must also be a party in his individual capacity, for his consent is obviously necessary if Stoner is to have the right to use the name Bellows.

ing a corporation. This interpretation is certainly the most reasonable, for the view contended for by plaintiffs would in effect place defendant Charles Bellows at their mercy. The danger that liability would be imposed on Bellows for the debts of plaintiffs' business is by no means insubstantial in view of the fact that Bellows was intimately connected with the retail business prior to its sale and that plaintiffs continued the business at the same premises. The harsh construction urged by plaintiffs should be avoided unless the clear language of the contract makes such interpretation the only possible one. See 17 C.J.S., Contracts, § 319; Restatement, Contracts, § 236(a). We think defendant Bellows was properly entitled to protection against the use of his name by plaintiffs in such a manner as to create the risk of partnership liability.[3]

■ ■ We think the court erred in entering an injunction against plaintiffs restraining them from making sales as wholesale in the Virgin Islands. Defendants did not request such relief in their counterclaim nor is there any evidence in the record that plaintiffs had violated their agreement not to compete at wholesale. This part of the court's judgment in No. 10,560 must be reversed.

A third contention advanced by plaintiffs is that the district court erred in its interpretation of Section 1(a) of the contract. This section provides that the inventory is

[3] As we stated earlier, the district court enjoined plaintiffs from doing business under the name Stoner and Bellows unless the business is organized as a corporation or limited partnership or unless the name is so styled that no liability will be imposed on Charles Bellows or the defendant corporation. We query whether the use of the name Stoner and Bellows as the name of a limited partnership (with Bellows as a limited partner) would relieve Bellows of liability. Section 6, Chapter 24, Title I [II], of the Laws of St. Thomas [26 V.I.C. § 205], declares that a limited partner whose surname appears in the partnership name shall be liable as a general partner unless his surname is identical to that of a general partner or unless "prior to the time when the limited partner became such the business had been carried on under a name in which his surname appeared." Since defendants have taken no cross appeal, we do not consider this point. Morley Construction Co. v. Maryland Casualty Co. (1937) 300 U.S. 185, 191, 57 S. Ct. 325, 81 L. Ed. 593.

to be purchased by Stoner at the corporation's cost or wholesale price. Plaintiffs urge that this must be interpreted to mean cost or wholesale, whichever is lower. Since the meaning of the expression is unclear, we must consider the surrounding circumstances and the situation of each of the parties in an effort to give effect to their intention. The only reasonable explanation which the record offers as to the meaning of that expression is that the parties were looking upon the corporation's wholesale business as distinct and separate from its retail business. Thus, in the case of products carried by the corporation under an exclusive agency, the parties intended that the corporation would take its usual wholesale markup; hence, those products were to be sold at the wholesale price. On the other hand, in the case of those products for which defendants did not have an exclusive agency, it was intended that plaintiffs pay the cost to the corporation, which in some instances might be even higher than wholesale. The trial court's interpretation of this aspect of the contract was correct.

■ ■ In their complaint plaintiffs seek damages for breach of contract, and the case was tried below on that theory. In this court for the first time plaintiffs now present a brand new theory and a request for a new kind of relief. They ask this court to "cancel" the entire contract with the eception of that portion dealing with the sale of the inventory and fixtures. Their object, of course, is to be relieved of the continuing obligation to pay agreed percentages of their gross sales to defendant corporation. (Paragraph 4 of the contract.) While plaintiffs have not conceptualized their new theory, the relief they now request is really in the nature of a declaratory judgment discharging them from any liability for failure to pay the agreed percentages of gross sales because of an alleged failure of consideration on the part of defendants. See 5

Williston on Contracts § 1454 A, p. 4063 (Rev. Ed.). In addition, plaintiffs assert that the contract (with the exception of those portions dealing with the sale of the inventory and fixtures) is unenforceable because of uncertainty.

We think that, except in an extraordinary case, an appellant should not be allowed to demand a new kind of relief based on a theory not asserted below. See Hormel v. Helvering, 1941, 312 U.S. 552, 556, 61 S. Ct. 719, 85 L. Ed. 1037; Eliscu v. Fiber, 3 Cir., 1946, 157 F.2d 136, 140. Since we must review the record de novo in this appeal,[4] however, we have examined the evidence and we find no such material breach which would warrant us in holding that plaintiffs' obligations under the contract are discharged. Moreover, there is no merit in the assertion that the contract is unenforceable because of uncertainty.

Tort Action (No. 10,561)

 The tort action brought by plaintiff Frank Stoner is one for fraud and deceit and is based on the assertion that defendants Charles Bellows and Doris Bellows knowingly misrepresented the volume of gross profits and net profits of defendant corporation's retail business prior to the sale to plaintiffs. The opinion of the judge of the district court carefully analyzed the evidence on this point. We think he was correct in concluding that not only were the representations accurate, but also that plaintiffs did not rely on them in so far as net profits are concerned.

 After the trial, the court, on motion of defendants, entered an order "dismissing the complaint" with prejudice, holding that there was no evidence of fraud or misrepresentation in support of the allegations of the complaint. While it was not so denominated, we view the court's order as in substance an entry of judgment for de-

[4]Burch v. Burch, 3 Cir., 2 V.I. 559, 195 F.2d 799; Callwood v. Kean, 3 Cir. (1951) 2 V.I. 526, 189 F.2d 565, 581.

fendants on plaintiff's complaint. Although the court did not render formal findings, adequate findings are set forth in the opinion of the court.

The judgment in No. 10,560 (contract action) will be reversed in so far as it enjoins plaintiffs from selling liquor at wholesale in the Virgin Islands in competition with Downing and Bellows Company, Ltd. In all other respects, the judgment will be affirmed.

In No. 10,561 (tort action), in order to clarify the record, the cause will be remanded with instructions to enter judgment for defendants on plaintiff's complaint.